UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SANTOS PASCUAL R. R., | Case No. 26-cv-1462 (LMP/SGE) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and ERIC TOLLEFSON, *Sheriff of Kandiyohi County*, | |
| Respondents. | |

Petitioner is a resident of Burnsville, Minnesota, and a citizen of Guatemala who has lived in the United States since approximately 2009. ECF No. 1 ¶ 14. He entered the United States without inspection and is not subject to a final order of removal. *Id.* ¶ 15. He was arrested by immigration authorities on or about February 14, 2026, and remains in the custody of United States Immigration and Customs Enforcement at the Kandiyohi County Jail in Willmar, Minnesota. *Id.* ¶¶ 8, 13, 17. Santos Pascual R. R. asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b). *See id.* ¶ 30. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), *id.*, and that the Government has not presented a warrant that justifies

his arrest or detention, *see id.* ¶ 23. He filed a petition for a writ of habeas corpus challenging the lawfulness of his detention and requests expedited handling. *See id.* at 1.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Santos Pascual R. R. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Santos Pascual R. R. raises the same legal issues and largely requests the same relief granted in those cases, namely: (1) an order requiring his immediate release from custody; or (2) an order requiring the Government to conduct a bond hearing in accordance with 8 U.S.C. § 1226(a). *See* ECF No. 1 at 14–15.

This Court will not depart from its reasoning in its prior decisions. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Santos Pascual R. R.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Friday, February 20, 2026, certifying the true cause and proper duration of Santos Pascual R. R.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Santos Pascual R. R.'s detention in light of the issues raised in his Petition;

   b. A reasoned memorandum of law and fact explaining the Government's legal position on Santos Pascual R. R.'s claims;

   c. A good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*; and

   d. The Government's recommendation on whether an evidentiary hearing should be conducted;

3. If Santos Pascual R. R. intends to file a reply to the Government's answer, he must do so on or before Wednesday, February 25, 2026;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order;

5. The Government is **ORDERED** not to move Santos Pascual R. R. outside of the District of Minnesota during the pendency of these proceedings, so that Santos Pascual R. R. may consult with his counsel and participate in this litigation while the Court considers his Petition;

---

[1] The Court reserves the right to grant the Petition before Santos Pascual R. R. files his reply brief if the Government's answer plainly demonstrates that Santos Pascual R. R. is entitled to relief.

3

6. If Santos Pascual R. R. has been moved or is in the process of being moved outside of Minnesota as of the time this Order is entered, Respondents are **ORDERED** to return him immediately to Minnesota; and

7. Respondents are **ORDERED** to adhere to the terms of the temporary restraining order entered in *Advocates for Human Rights v. U.S. Department of Homeland Security*, No. 26-cv-749 (NEB/DLM), ECF No. 95 (D. Minn. Feb. 12, 2026), to the extent that Santos Pascual R. R. is a "Detainee" as defined at page 36 of that order.

Dated: February 17, 2026  
Time: 10:27 a.m.

*s/Laura M. Provinzino*  
Laura M. Provinzino  
United States District Judge