UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SANTOS PASCUAL R. R., | Case No. 26-cv-1462 (LMP/SGE) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and ERIC TOLLEFSON, *Sheriff of Kandiyohi County*, | |
| Respondents. | |

---

Andrew W. Davis and Claire M. Williams, **Stinson LLP, Minneapolis, MN**, for Petitioner.

David R. Hackworthy and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Santos Pascual R. R. is a resident of Burnsville, Minnesota, and a citizen of Guatemala who has lived in the United States since approximately 2009. ECF No. 1 ¶ 14. He entered the United States without inspection and is not subject to a final order of removal. *Id.* ¶ 15. He was arrested by immigration authorities on or about February 14,

---

[1] Respondent Eric Tollefson has not appeared or otherwise participated in these proceedings. As used in this Order, "Respondents" and "Government" do not include or otherwise refer to Sheriff Tollefson.

2026, and remains in the custody of United States Immigration and Customs Enforcement at the Kandiyohi County Jail in Willmar, Minnesota. *Id.* ¶¶ 8, 13, 17. Santos Pascual R. R. asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 30. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), *id.*, and that the Government has not presented a warrant that justifies his arrest or detention, *see id.* ¶ 23. He filed a petition for a writ of habeas corpus challenging the lawfulness of his detention and requests either his immediate release from custody or an order requiring the Government to conduct a bond hearing under Section 1226(a). *See id.* at 16–17.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Santos Pascual R. R. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to answer Santos Pascual R. R.'s petition by February 20, 2026, "certifying the true cause and proper duration of Santos Pascual R. R.'s confinement," including a

"reasoned memorandum of law and fact explaining the Government's position on Santos Pascual R. R.'s claims" and a "good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*" ECF No. 3 at 2–3.

The Government timely responded and concedes that Santos Pascual R. R.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 5. Nevertheless, the Government "assert[s] all arguments raised by the government in" *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025), "preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny [Santos Pascual R. R.'s] habeas petition." *Id.*

Because nothing distinguishes Santos Pascual R. R.'s case from those the Court has previously decided, and because the Government has not presented a warrant that would justify Santos Pascual R. R.'s detention under 8 U.S.C. § 1226(a), the Court concludes that Santos Pascual R. R. is entitled to immediate release from custody. *See Joaquin Q. L.*, 2026 WL 161333, at *2–3; *see also Ahmed M. v. Bondi et al.*, 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). The Court therefore grants Santos Pascual R. R.'s petition as set forth below.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Santos Pascual R. R.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Santos Pascual R. R. from custody, without conditions, by no later than **5:00 p.m. on Tuesday, February 24, 2026**;

3. The Government is **ORDERED** to return to Santos Pascual R. R. any property belonging to Santos Pascual R. R. that was taken in connection with his arrest and detention; and

4. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than **5:00 p.m. on Wednesday, February 25, 2026**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 23, 2026         *s/Laura M. Provinzino*
                                 Laura M. Provinzino
                                 United States District Judge